[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 04, 2007
THOMAS K. KAHN
CLERK

No. 06-15217
Non-Argument Calendar

_____

Agency Nos. A97-630-122
A97-630-123

JOSE FERNANDO SERNA CASTRO,
IVONNE FADIVA GUITERREZ-OLMOS,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(May 4, 2007)**

Before TJOFLAT, DUBINA and CARNES, Circuit Judges.

PER CURIAM:

Petitioners, in a petition they filed in this court on September 29, 2006, seek

review of the Board of Appeals ("BIA") decision of July 6, 2006, affirming, without opinion, the order of an Immigration Judge ("IJ") denying their application for asylum, withholding of removal under the Immigration and Nationality Act ("INA"),[1] and relief under the U.N. Convention Against Torture, and the BIA's September 5, 2006 order denying their motion to reconsider.

We are "obligated to inquire into subject-matter jurisdiction sua sponte whenever it may be lacking." Cadet v. Bulger, 377 F.3d 1173, 1179 (11th Cir. 2004) (internal quotation omitted). We have jurisdiction over a "final order of removal," so long as the petition for review is filed within 30 days. INA § 242(a)(1), (b)(1), 8 U.S.C. § 1252(a)(1), (b)(1); Stone v. INS, 514 U.S. 386, 394-95, 115 S.Ct. 1543-44, 1549, 131 L.Ed.2d 465 (1995) (providing that "deportation orders are to be reviewed in a timely fashion after issuance, irrespective of the later filing of a motion to reopen or reconsider," and that "the filing of the reconsideration motion does not toll the time to petition for review").

We review the BIA's denial of a motion for reconsideration for an abuse of discretion. Assa'ad v. U.S. Att'y Gen., 332 F.3d 1321, 1341 (11th Cir. 2003). A motion for reconsideration "shall specify the errors of law or fact in the previous

_____

[1] Petitioners seek asylum on the ground that they suffered past persecution from the Revolutionary Armed Forces of Colombia, guerrilla organization, on account of their political activities.

2

order and shall be supported by pertinent authority." INA § 240(c)(6)(C), 8 U.S.C. § 1229a(c)(6)(C).

Because Petitioners did not file their petition for review within 30 days of the BIA's July 6, 2006 decision, and because the filing of a motion to reconsider does not toll this statutory time-period, we lack jurisdiction to review the July 6, 2006 decision and therefore dismiss the petition as it relates to that decision. Although we have jurisdiction to review the BIA's September 5, 2006 order, Petitioners have abandoned any claim of error as to that order by failing to raise any argument about it in their brief. Hence, as to that order, their petition is denied.

PETITION DISMISSED, in part; DENIED, in part.